**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000596**
**20-NOV-2023**
**07:51 AM**
**Dkt. 63 SO**

NO. CAAP-22-0000596


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JAMES GREEN, JR., Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-21-0000417)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant James Green, Jr. (**Green**) appeals
from the Judgment of Conviction and Sentence (**Judgment**), entered
by the Circuit Court of the First Circuit on September 13, 2022.[1]
Upon careful review of the record and the briefs submitted by
the parties, and having given due consideration to the arguments
advanced and the issues raised, we affirm without prejudice to

---

[1] The Honorable Paul B.K. Wong presided.

Green's filing of a Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 petition, and remand for further proceedings.

## I.     Background

On April 14, 2021, Plaintiff-Appellee State of Hawaiʻi (**State**) charged Green by criminal indictment with two counts of Sexual Assault in the Third Degree in violation of Hawaii Revised Statutes (**HRS**) § 707-732(1)(b) (2014),[2] as follows,

> COUNT 1: On or about October 8, 2020, in the City and County of Honolulu, State of Hawaiʻi, JAMES GREEN, did knowingly subject to sexual contact, [complaining witness (**CW**)], a person who was less than fourteen years old, by placing his hand on her buttock, thereby committing the offense of Sexual Assault in the Third Degree, in violation of Section 707-732(1)(b) of the Hawaiʻi Revised Statutes.
>
> . . . .
>
> COUNT 2: On or about October 8, 2020, in the City and County of Honolulu, State of Hawaiʻi, JAMES GREEN, did knowingly subject to sexual contact, [CW], a person who was less than fourteen years old, by placing his hand on her genitalia, thereby committing the offense of Sexual Assault in the Third Degree, in violation of Section 707-732(1)(b) of the Hawaiʻi Revised Statutes.

Following a four-day trial, the jury returned a verdict finding Green guilty of both counts.  On September 13, 2022, the circuit court sentenced Green to an indeterminate

---

[2]     HRS § 707-732(1)(b) (2014) states, in pertinent part,

> **Sexual assault in the third degree.**  (1) A person commits the offense of sexual assault in the third degree if:
>
> . . . .
>
> (b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

2

five-year term of imprisonment for each count, with both terms to run concurrently.

Green contends on appeal that the circuit court committed plain error, and that Green's court-appointed trial counsel was ineffective. We consider these contentions in turn, and conclude that no plain error was committed below, and affirm the Judgment without prejudice to Green's filing of a petition for post-conviction relief, pursuant to HRPP Rule 40.

## II. Discussion

### A. Plain Error

"[A]n appellate court may recognize plain error when the error committed affects substantial rights of the defendant." State v. Metcalfe, 129 Hawai'i 206, 222, 297 P.3d 1062, 1078 (2013) (cleaned up); see HRPP Rule 52(b). This court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) (citations omitted). An appellate court's "power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system--that a party must look to his or her counsel for protection and bear the cost of

3

counsel's mistakes." Metcalfe, 129 Hawai'i at 222, 297 P.3d at 1078 (citation omitted). Green contends three points of plain error, as follows,[3]

(1) Green contends that "[p]lain error occurred where the Court began jury empaneling with only 25 prospective jurors present, leaving room for only 11 of those prospective jurors to be excused while still meeting the 12-jurors-plus-2-alternates requirement." Green contends that, despite the selection of a jury panel of 12 jurors and 2 alternates, the "small pool" of 25 prospective jurors created "challenges" for counsel.

The record reflects that the State and Green could have each exercised three peremptory challenges.[4] The State exercised three, and Green exercised one. Green does not contend that he would have exercised additional peremptory strikes had the jury pool been larger. Moreover, Green does not contend that, of the twelve jurors and two alternates who were empaneled, any should have been dismissed for cause.

The selection of jurors from a 25-person pool of potential jurors does not, without more, constitute a "per se" violation of Green's right to a fair and impartial jury. Even

---

[3]    Green asks this court to find plain error because he did not object to the contentions of error below. See State v. Kelekolio, 74 Haw. 479, 515, 849 P.2d 58, 75 (1993) ("where plain error has been committed and substantial rights have been affected thereby, the error may be noticed even though it was not brought to the attention of the trial court").

[4]    Pursuant to HRPP Rule 24, in criminal jury trials "each side is entitled to 3 peremptory challenges." HRPP Rule 24.

assuming that a smaller-than-average jury pool constitutes an irregularity in the jury selection process, Green does not show improper motive or prejudice. State v. Mara, 98 Hawai'i 1, 12, 41 P.3d 157, 168 (2002) ("[I]f the jury finally impaneled in the case at bar consisted wholly of qualified jurors, a mere irregularity in the process is not itself a ground for reversal, absent a showing of improper motive or prejudice.") We conclude, on this record, that the selection of jurors from a 25-person jury pool was not plainly erroneous.

(2) Green contends that "[p]lain error occurred where the Court allowed an expert opinion from [the State's] expert despite no foundation being laid, and where the Court allowed an expert opinion outside of [the expert's] expertise."

The record reflects that the State, without objection, called Penny Kremer (**Kremer**) to testify as an expert in serology and forensic DNA testing. Green agrees that Kremer was qualified as an expert in serology and DNA testing. Kremer testified that she is a criminalist, and that she works at the Honolulu Police Department's (**HPD**) Scientific Investigation Section, Forensic Biology Unit. She earned her Ph.D. in cell and molecular biology from the University of Hawai'i at Manoa, and her "duties and responsibilities" for HPD include "examin[ing] items of evidence for DNA." Kremer testified that she has performed DNA analyses "hundreds of times," and that HPD

has an accredited DNA laboratory that meets "national and international standards for DNA testing." She testified that DNA testing was performed in the laboratory, and that all standard operating procedures were followed to conduct the DNA testing. She testified, moreover, that her work was reviewed by another analyst before she documented that work.

Kremer testified that she took a dozen DNA samples from CW's blanket taken at the crime scene, that two of the samples contained a protein found in semen, and that Green "could not be excluded" from one of the samples.[5] Kremer explained that she had also done a statistical analysis because "[w]hen we find someone -- or a comparison that can't be excluded, we do stats on -- to find out what would be the probability of a person having all those markers." Kremer testified that probability to be "one in greater than 8 trillion[,]" meaning that Kremer "would have to test greater

---

    [5]     Kremer explained that Green "could not be excluded" from the sample as follows,

> That means when I compared him –- his profile, his known profile, through that profile I obtained from that sample, that he had all the markers. Even though it was partial, he had all those markers. So he could not be excluded.
>
>         . . . .
>
> [W]hen we develop a profile, it's like an individual's telephone number, so you've got different numbers. It's represented by numbers at different sections. So -- and his profile will have different numbers at each section. And so when I put them next to each other and I compared them, he has all the markers that were on that questioned sample.

than 8 trillion people to find someone that . . . could not be excluded from that sample."

Green did not object to Kremer's testimony during trial and, accordingly, we deem the issue waived. "[O]bjections to the admission of incompetent evidence, which a party failed to raise at trial, are generally not subject to plain error review." Metcalfe, 129 Hawaiʻi at 225, 297 P.3d at 1081 (citing State v. Wallace, 80 Hawaiʻi 382, 410, 910 P.2d 695, 723 (1996)) ("It is the general rule that evidence to which no objection has been made may properly be considered by the trier of fact and its admission will not constitute ground for reversal. It is equally established that an issue raised for the first time on appeal will not be considered by the reviewing court. Only where the ends of justice require it, and fundamental rights would otherwise be denied, will there be a departure from these principles.") On that basis, we conclude that the circuit court did not plainly err in its admission of Kremer's unobjected-to expert testimony, including the statistical analysis.

(3) Green contends that "[p]lain error occurred where the Court failed to sufficiently support its reasoning behind Appellant's five-years-of-imprisonment sentence." Green agrees that the circuit court "'addressed' each of the factors [a court

considers in imposing a sentence],"[6] but contends that "it did not 'articulate' anything relative to those factors[.]"[7]  Green relies upon State v. Kong, 131 Hawai'i 94, 102, 315 P.3d 720, 728 (2013), to support his contention.

In Kong, the Hawai'i Supreme Court held, in the context of a trial court's imposition of a *consecutive term* sentence of imprisonment that,

> [Defendant] characterizes the circuit court's justification for imposing consecutive terms of imprisonment as "terse, conclusory, and lasting two words."  However, **the sentencing court is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606**.  Rather, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606.  Thus, **the sentencing court is required to articulate its**

_____

[6]     It appears that Green references the "[f]actors to be considered in imposing a term of probation" set forth by HRS § 706-621(2) (2014), and the "[f]actors to be considered in imposing a sentence" set forth by HRS § 706-606 (2014).

[7]     The circuit court explained, in imposing the sentence,

> Having considered all the statements this morning as well as the arguments of counsel, in determining whether or not probation is the appropriate sentence in this case, the Court is guided by Hawaii Revised Statutes Section 706-621.
>
> There are ten factors to weigh to determine whether or not probation is appropriate. The tenth factor, 706-621(2)(j) is not applicable 'cause this is not expedited sentencing.
>
> With respect to the other nine factors to balance and consider, (2)(e) weighs in favor of a probation term in that the defendant has no history of criminal activity and has led a law-abiding life prior to the commission of this crime.  All other factors weigh in favor of imprisonment.
>
> And accordingly, in Counts 1 and 2, Mr. Green is sentenced to serve the indeterminate terms of incarceration of five years in each case. He will get credit for time served.  All of the terms are concurrent with each other and any other term that defendant might have to serve. The mittimus will issue forthwith.

8

> **reasoning only with respect to those factors it relies on in imposing consecutive sentences.**

131 Hawaiʻi at 102, 315 P.3d at 728 (cleaned up) (emphasis added). When imposing non-consecutive terms of imprisonment, the sentencing court is not required to "articulate and explain its conclusions" with regard to every sentencing factor. Id. The circuit court sentenced Green to two indeterminate five-year terms of imprisonment, with both terms to run *concurrently*. The circuit court did not plainly err with respect to its imposition of Green's indeterminate concurrent prison sentence.

## B. Ineffective Assistance of Counsel

Green next contends that his appointed trial counsel was ineffective. Pursuant to article I, section 14 of the Hawaiʻi Constitution, and the Sixth Amendment to the United States Constitution, defendants in a criminal proceeding have a constitutionally guaranteed right to the effective assistance of counsel at every critical stage of the prosecution. State v. Salavea, 147 Hawaiʻi 564, 576, 465 P.3d 1011, 1023 (2020).

Green raises the issue of ineffective assistance of counsel for the first time in this direct appeal. In such cases, "the appellate court may consider the merits of the appeal de novo if the record is sufficiently developed to determine whether there has been ineffective assistance of counsel." Id. at 575, 465 P.3d at 1022 (cleaned up).

"The standard for determining the adequacy of counsel's representation is whether, when viewed as a whole, the assistance provided is within the range of competence demanded of attorneys in criminal cases." Id. at 576, 465 P.3d at 1023 (cleaned up). "The burden of establishing ineffectiveness rests with the defendant[,]" and "[defendant's] claim of inadequate assistance will be upheld only if he can show there were specific errors or omissions . . . reflecting counsel's lack of skill, judgment, or diligence, and these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." State v. Smith, 68 Haw. 304, 309, 712 P.2d 496, 500 (1986) (cleaned up).

Green specifically alleges the following:

(1) "Court-appointed counsel was ineffective where he failed to object to the absurdly low number of prospective jurors called for jury duty, and where he also only used 1 of a total of 4 peremptory challenges on the jury venire";

(2) "Court-appointed counsel was ineffective where he failed to elicit testimony that the children in question had twice before falsely accused [Green]";

(3) "Court-appointed counsel was ineffective where he failed to ask any questions of [CW] and [CW's brother] regarding discrepancies in their stories";

(4) "Court-appointed counsel was ineffective where he failed to argue that the DNA could have come from the White

10

Claw, and where counsel never questioned the DNA expert as to other origins of the DNA besides semen";[8]

(5) "Court-appointed counsel was ineffective where he failed to voir dire or object to [the State's] expert witness";

(6) "Court-appointed counsel was ineffective where he offered no objection and no counter to [mother's] speculative and unfounded testimony";

(7) "Court-appointed counsel was ineffective where he apparently had zero trial experience as he made no motions for judgment of acquittal";

(8) "Court-appointed counsel was ineffective where he did not utilize the statements taken by police from the children in question";

(9) "Court-appointed counsel was ineffective where he essentially offered no argument at sentencing versus 12 pages of argument presented by [the State]";[9] and,

---

[8] Green's reference to "the White Claw," is to an alcoholic beverage can that Green testified to allegedly finding "partly under [CW's] leg." On appeal, Green appears to contend that trial counsel should have argued below that the DNA on the blanket, which Kremer testified as containing a protein found in semen, could have come from DNA on the White Claw can.

[9] We disregard this contention because Green's opening brief presents no discernible argument on this point of error. Kahoʻohanohano v. Dep't of Hum. Servs., State of Haw., 117 Hawaiʻi 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008) (Hawaiʻi appellate courts will "disregard a particular contention if the appellant makes no discernible argument in support of that position") (cleaned up); Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

(10) "Court-appointed counsel was ineffective where he allowed his client to enter stipulated facts negating [the State's] requirement to prove DNA chain-of-custody and DNA testing procedure, and where counsel stipulated to the grant of all of [the State's] motions in limine and motion to determine voluntariness."

We conclude that the record is not sufficiently developed for this court to determine whether Steven Slavitt's (**Slavitt**) representation was ineffective as to contentions 2 through 8, and 10. We reject Green's first contention, relating to counsel's lack of objection to the "low" number of prospective jurors, for the reasons discussed *supra*. We deem Green's ninth contention waived, as explained in footnote 9. State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592 (1993) ("[N]ot every trial record is sufficiently developed to determine whether there has been ineffective assistance of counsel; indeed, a defendant is often only able to allege facts that, if proved, would entitle him or her to relief[.]").

It appears, moreover, that Green's trial counsel, Slavitt, was not provided notice of, nor the opportunity to respond to, the ineffective assistance allegations that Green raises for the first time on appeal.[10] On this record, we are

---

[10]     It appears that Slavitt was not served with a copy of the opening brief, as required by HRAP Rule 28(a). See HRAP Rule 28(a) ("If a brief raises ineffective assistance of counsel as a point of error, the appellant

(continued . . .)

unable to discern as to whether "the assistance provided is within the range of competence demanded of attorneys in criminal cases[,]" "there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence[,]" and these "errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." See Salavea, 147 Hawaiʻi at 576, 465 P.3d at 1023 (cleaned up).

We thus affirm the Judgment without prejudice to Green's filing of a petition for post-conviction relief, pursuant to HRPP Rule 40, to allow for service of Slavitt, and the development of a factual record as to those contentions of ineffective assistance. Silva, 75 Haw. at 439, 864 P.2d at 592-93 ("[W]here the record on appeal is insufficient to demonstrate ineffective assistance of counsel, but where: (1) the defendant alleges facts that if proven would entitle him or her to relief, and (2) the claim is not patently frivolous and without trace of support in the record, the appellate court may affirm defendant's conviction without prejudice to a subsequent Rule 40 petition on the ineffective assistance of counsel claim.").

---

(. . .continued)

shall serve a copy of the brief on the attorney alleged to have been ineffective.").

## III. Conclusion

For the foregoing reasons, the circuit court's Judgment of Conviction and Sentence, entered on September 13, 2022, is affirmed, without prejudice to Green's filing of an HRPP Rule 40 petition, and remanded for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, November 20, 2023.

On the briefs:

Kai Lawrence,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge